HARDY, Judge.
This is a suit for damages sustained by Johnnie Ford Cooper, Jr. in a collision between a motor scooter, ridden by Cooper, and a cab of defendant Company. Originally the suit was brought by the father and mother of the minor Negro, but, subsequent to the .filing of the petition, young Cooper was properly emancipated by judgment of the District Court, and thereupon substituted as plaintiff in his own right and name. After trial there was judgment in favor of plaintiff in the sum of $2,622.75, from which judgment defendant has appealed. Plaintiff has answered the appeal, praying for an increase in the amount of the award. .
The accident occurred at or about 8:30 P.M. on May 31, 1949, at the dead-end intersection of Alexander Street with East Kings Highway, in the City of Shreveport, Louisiana. The north end of Alexander Street intersects the east and west course of East Kings Highway. Immediately prior to the collision the driver of defendant’s cab had brought his vehicle to a complete stop near the east curb line of Alexander Street, and, after making observation for traffic, proceeded to make a left hand turn into Kings Highway. According to the testimony of the driver he observed an automobile proceeding east along Kings Highway about half a block distant, but did not see plaintiff’s motor scooter. As he completed his turn and straightened his cab out, moving to the west, plaintiff attempted to pass the car traveling east and collided with the left rear fender and bumper of the ca'b, which the driver had turned sharply to his right, that is to the north, *698 in a last second effort to avoid the collision.
The above testimony is squarely disputed by plaintiff, who testified that he was not attempting to pass a car but that, on the contrary, the cab driver pulled his vehicle out into the intersection immediately in the path of plaintiff’s scooter at a time when he was approximately twelve feet distant.
,The only other alleged eye witness was a fourteen-year old Negro youth, tendered by plaintiff, who testified that he was seated on his bicycle some 65 feet, more or less, from the intersection at the time of the accident. This witness corroborated plaintiff’s version of the accident, but his testimony in certain respects is so subject to doubt that it cannot be accorded any considerable weight.
Upon these disputed facts this matter must be resolved. In view of the irreconcilable conflict of the testimony of the witnesses it is therefore necessary to look to the physical circumstances for additional light. There is no question as to the point of impact between the vehicles involved. The scooter, as we have noted above, struck the cab at the extreme end of the left rear fender and bumper. Plaintiff’s left leg was caught, and he and his scooter were dragged for some twenty feet, more or less, before the driver of the cab brought his vehicle to a stop. Another seriously disputed point is with respect to lights on plaintiff’s scooter. Plaintiff and the other young Negro witness testified that the headlight on the scooter was burning at the time. This is denied by the cab driver. One of the officials of the cab company, who reached the scene of the accident within a period of a few minutes, testified that he carefully examined the scooter, that the lights were not burning, and that there was no battery on the vehicle.
While we do not find that the exact point of the collision with respect to the intersection can be fixed with certainty, we think the vast preponderance of the testimony indicates that the collision actually occurred outside of the intersection, as defined by an extension of the curb lines of Alexander Street, to the northwest thereof and north of the center or medial line of Kings Highway. This finding is based upon the testimony of witnesses who examined the scene of the accident immediately subsequent to its occurrence and who testified with respect to a surveyor’s plat, introduced in evidence, on which they located the apparent point of impact. This line of testimony was substantiated by the location of dirt or mud which had been shaken from the fender of the cab. Consideration of these physical circumstances has convinced us that at the time of the collision defendant’s cab was in its proper lane, that is on the north side of Kings Highway, headed west, at a point northwest of the Alexander Street intersection. This being the only reasonable conclusion to be drawn from the facts noted, it is evident that the testimony of defendant’s driver must be accepted over that of plaintiff and his witness. Immediately after the accident the front of the cab was turned at an angle to the north, which further bears out the testimony of the driver that he attempted to avoid the accident by turning his cab in the effort to permit clearance by plaintiff’s scooter.
On the whole we think the only reasonable and supportable inferences to be drawn are that the plaintiff was engaged in attempting to pass an automobile just before reaching the intersection of Alexander Street and that as a consequence, regardless of the existence, vel non, of negligence on the part of the driver of the cab, plaintiff must stand convicted of contributory negligence which effectively bars recovery.
We concede the general principles of law urged on behalf of plaintiff with respect to the danger of a left-hand turn and the absolute requirement of unusual care in connection with such a maneuver. But in the instant case we are convinced that the driver of the cab took every reasonable precaution. He brought his cab to a stop, made observation of traffic, gave the proper hand signal and proceeded at a reasonable rate of speed into the intersection. The fact that he was meticulous in his operation of the vehicle is evidenced by our finding that he had safely and properly *699 completed the maneuver prior to the collision.
We further recognize the sanctity of the oft-repeated pronouncements of appellate courts that findings of fact by trial courts will not be lightly disturbed. However, cognizant as we are of the importance of this principle and the reasons therefor, we are constrained, after careful consideration of the record in the instant case, to find that the District Court erred in its judgment.
For the reasons assigned the judgment appealed from is reversed and set aside, ■and it is now ordered, adjudged and decreed that plaintiff’s demands be rejected at his cost.